11-20003.rr2

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-20003-CR-MARTINEZ-BROWN

UNITED STATES,

    Plaintiff,

vs.

LATTERIO FERGUSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before this Court on Defendant Latterio Ferguson's Motion to Suppress Statements (D.E. 88). The Court has reviewed the Motion, the Response and the Reply. An evidentiary hearing was held on April 1, 2011, and the transcript of that hearing is incorporated by reference herein.[1]

### Facts and Discussion

Defendant moves to suppress statements made while he was imprisoned at the Federal Detention Center ("FDC") to a fellow inmate,"K.J.", arguing a violation of Massiah v. United States, 377 U.S. 201 (1964). The Eleventh Circuit has held that a Massiah violation requires proof of the following: (1) that a fellow inmate was a government agent; and (2) that the inmate deliberately elicited incriminating statements from him. Depree v. Thomas, 946 F.2d 784, 793 (11th Cir. 1991) (citing Lightbourne v. Dugger, 829 F.2d 1012, 1020 (11th Cir. 1987) (per curiam), cert. denied, 488 U.S. 394 (1988)).

---

[1] The defense and the Government announced that they had stipulated to several facts in connection with this motion which will be reflected in a separately filed stipulation. Such stipulation is incorporated by reference herein.

1

At the hearing, K.J., the Defendant's only witness, testified that in 2010 he plead guilty in an unrelated case to charges of possessing with the intent to distribute cocaine, and possessing a firearm, for which he faced a possible ten year sentence. He further testified that he decided to seek a reduction in his sentence by cooperating with the Government.

K.J. testified that he shared a cell with Defendant and they talked "all day long". On a date prior to January 25, 2011, he went to the prosecutor in his own case and gave them the Defendant's name as a person who had been involved with attempting to pick up a shipment of cocaine off of a freighter. On January 25, 2011 he was debriefed by the prosecutor in the Defendant's case. K.J. testified that no prosecutor ever instructed him to, or encouraged him to, get information from the Defendant in order to gain a benefit in his case.

As this Court noted at the hearing, there were no credibility problems with K.J.'s testimony. This testimony, which was the only evidence Defendant presented on the issue, failed to prove either of the prongs required to prove a <u>Massiah</u> violation.

### Recommendation

Accordingly, this Court respectfully recommends that the Motion to Suppress Statements be **DENIED**.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert</u>. <u>denied</u>, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of April, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

c:   Honorable Jose E. Martinez
     Counsel of record

2